IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ISABEL PARODI | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:24-cv-349-HSO-BWR |
| | § | |
| | § | |
| EVANSTON INSURANCE | § | |
| COMPANY | § | DEFENDANT |

**ORDER GRANTING PLAINTIFF ISABEL PARODI'S
MOTION [24] FOR VOLUNTARY DISMISSAL**

Plaintiff Isabel Parodi's ("Plaintiff") Motion [24] for Voluntary Dismissal seeks dismissal without prejudice of all claims asserted in her Complaint. Defendant Evanston Insurance Company ("Defendant") has not responded to the Motion [24], and the time for doing so has passed.  L.U. Civ. R. 7(b)(4).

Motions for voluntary dismissal are governed by Federal Rule of Civil Procedure 41(a)(2).  "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  In considering whether a motion would create plain legal prejudice, the Court looks to four factors: (1) the defendant's effort and expense in preparing for trial; (2) any excessive delay and lack of diligence by the plaintiff; (3) the plaintiff's explanation for seeking dismissal; and (4) whether the defendant has filed a dispositive motion.  *Id.* at 317 n.3; *see also White v. Mississippi*

*State Port at Gulfport*, No. 1:06-CV-1027-BAF-JMR, 2007 WL 9772261, at *1 (S.D. Miss. July 2, 2007) (applying the four factors stated by *Elbaor*).

Because Defendant has not responded to the Motion [24], the Court can only speculate as to any expenses it has incurred, but trial in this case is not set until the February 2026 trial calendar. *See* Order [8]. This would suggest that, at least to date, Defendant has not incurred significant trial preparation expense for a trial that is nine months away. For the same reason, Plaintiff has not delayed in filing this Motion [24]. As for the third factor, Plaintiff has stated she seeks voluntary dismissal on grounds that include her health, the fact that she lives out of state, and the fact that her attorney of record is seeking to withdraw. *See* Mot. [24] at 1. Finally, Defendant has not filed a dispositive motion. On balance, then, the Court finds that Defendant will not suffer any plain legal prejudice by a voluntary dismissal without prejudice, and the Court will grant Plaintiff's Motion [24].

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Isabel Parodi's Motion [24] for Voluntary Dismissal is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of April, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE